IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-30543
Summary Calendar
_____

YORAM RAZ,

                                              Plaintiff-Appellant,

        versus

UNITED STATES OF AMERICA,

                                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(96-CV-2422)

_____

November 14, 1997

Before GARWOOD, DeMOSS and PARKER, Circuit Judges.[*]

PER CURIAM:

        Plaintiff-appellant Yoram Raz (Raz) appeals from the district

court's dismissal of his complaint under the Federal Tort Claims

Act (FTCA) for failure to state a claim.  We affirm.

**Factual and Procedural Background**

_____

        [*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

While employed at the Louisiana State University Medical Center at Shreveport (LSUS-MC), Raz observed what he perceived to be irregularities in the statistical analyses, and the conclusions derived from those analyses, in a government-funded scientific study. Raz expressed his concerns to officials at LSUS-MC, but was dissatisfied with their response and chose to report his concerns to officials at the United States Department of Health and Human Services (HHS).

The matter was referred to the Office of Research Integrity (ORI), a division within HHS that is authorized to handle charges of scientific misconduct. ORI instructed LSUS-MC to conduct an investigation. Upon completion of its investigation, LSUS-MC submitted a formal report to ORI. ORI then conducted an "oversight review" of the LSUS-MC investigation and determined that there was no basis for further investigation. Subsequently, ORI wrote Raz that, while his allegations may have been "made in good faith," they had not been borne out by the investigation and did not warrant further inquiry.

Unsatisfied both with the LSUS-MC investigation and with ORI's review, Raz filed suit under the FTCA, claiming that the ORI review was grossly negligent and that the LSUS-MC investigation was conducted in contravention of both "common sense" and federal regulations. He sought monetary compensation for personal financial losses and damage to his professional reputation. He also requested that the court order ORI to withdraw the conclusions

of its review and to conduct a full investigation into the matter.

In the proceedings below, the court found that Raz's pleadings appeared only to charge ORI with a violation of their federal duty to supervise investigations into scientific misconduct. Consequently, the district court found that Raz had alleged the breach of a duty that was based solely in federal law, and therefore that he had failed to state a claim under the FTCA as this Court construed that statute in *Johnson v. Sawyer*, 47 F.3d 716 (5th Cir. 1995) (en banc). As we stated in *Johnson*, the "violation of a federal statute or regulation does not give rise to FTCA liability unless the relationship between the offending federal employee or agency and the injured party is such that the former, if a private person or entity, would owe a duty under state law to the latter in a *nonfederal* context." *Id.* at 728 (emphasis in original). Finding that the duty which Raz claimed ORI owed to him arose, if at all, only out of federal law, the district court dismissed Raz's complaint for failure to state a claim.

## Discussion

On appeal, Raz argues that the district court erred in failing to construe 28 U.S.C. § 2674 expansively to include his claim of "negligent investigation." He notes that when the activity giving rise to the injury is not one that a private individual would typically undertake (for example, directing traffic), courts have entertained FTCA claims based on analogous torts that would have

3

been recognized against state and municipal entities under applicable state law. *See, e.g.*, *Crider v. United States*, 885 F.2d 294 (5th Cir. 1989). Raz argues that the inquiry conducted by ORI should be considered analogous, for purposes of his FTCA claim, to a criminal fraud investigation conducted by a municipal police department. He further asserts that Louisiana law imposes a duty to conduct investigations in a non-negligent manner, and thus that his claim against ORI has a basis in state tort law.

Raz relies on *Tompkins v. Kenner Police Dep't*, 402 So.2d 276 (La.Ct.App. 1981), for the proposition that under state law police departments have an affirmative duty to perform competent investigations and that they may be held liable in tort if their investigation was grossly negligent. In *Tompkins*, the plaintiff alleged that a police officer, while investigating the scene of an accident, was told by the driver of one of the vehicles that a passenger lay injured in the bushes by the side of the road. *Id.* at 278. It was further alleged that the injured man was moaning audibly and was visible from where the officer stood. *Id.* The officer took no action, and the injured passenger died several hours later. *Id.* The court held that the plaintiff had stated a cause of action.

Contrary, however, to Raz's contention, the court in *Tompkins* did not abrogate, but rather reaffirmed, the general rule that "a local government cannot be held liable in cases of failure to

enforce a protective regulation when the injuries resulting therefrom are not readily foreseeable and a substantial time passes between the negligent actions and the injuries sustained by the plaintiff." *Id.* at 280. The holding in *Tompkins* did not impose general liability upon police departments for negligent investigation, but rather articulated a very narrow exception to the general rule against such liability. The court held that, on the facts as alleged, an individual duty toward the injured passenger arose due to the exceptional nature of the situation, explaining that where "closeness in proximity or time, results in a one-to-one relationship between the police officer and the injured party, the police officer ceases to act only for the public good and at that moment becomes obligated to the individual to conduct himself in such a way as not to cause him unnecessary injury." *Id.* at 280.

The facts alleged by Raz clearly do not bring his claim within the narrow exception envisioned by the *Tompkins* court. Raz alleges that "damages [were] inflicted upon his occupation and wealth" as a consequence of ORI's decision that his allegations did not merit further investigation. Raz, however, was discharged before ORI conducted its review of the LSUS-MC investigation. The monetary damages alleged appear to stem from a libel suit filed against Raz based on statements made by him regarding the research improprieties reported to ORI, as well as from his loss of

5

employment and subsequent career difficulties.  The lawsuit against Raz, his discharge from employment, and any negative effect on his career, however, all result from actions taken by individuals not associated in any way with ORI.  Thus, the essence of Raz's claim is not that ORI directly caused his injuries, but rather that ORI's failure to conclude that his version of the facts were true, concomitantly exonerating him from charges that his allegations were false or made in bad faith, has paved or eased the way for the libel suit brought against him and has made it more difficult for him to demonstrate that he was wrongfully discharged.[1]  These alleged injuries clearly lack the causal and temporal proximity that were essential to the holding in *Tompkins*.[2]

---

[1]It appears from the record that Raz is, or at least was at the time of the district court proceedings, a plaintiff in a wrongful discharge suit against his former employer and a defendant in a libel suit brought by Dr. Struve, one of Raz's former co-workers.

[2]Further, even if Raz's injuries and ORI's allegedly negligent investigation had been sufficiently connected to be considered causally and temporally proximate, the exchange of letters between Raz and ORI is simply not the type of interaction needed to create a *Tompkins*-type "one-to-one relationship" between the police and the injured party.  Informing officials that a crime has been or is about to be committed does not, in and of itself, entitle the informant to a competent investigation or to police protection.  This point is made forcefully by the *Tompkins* court itself, which cites with approval a case in which a police department was held not liable for injuries sustained by the plaintiff, where the police refused to conduct a full investigation despite her repeated requests for protection from a rejected suitor who had made numerous threats.  Ultimately, the ex-suitor hired an individual to throw lye in the victim's face, blinding her in one eye and causing damage to the other and permanent scarring of her face.  The court held that the police were not liable for negligence in failing to investigate the threats.  *See Tompkins*, 402 So.2d at 280 n.6

In sum, the facts pleaded by Raz would not be sufficient to give rise to the duty based on the Louisiana precedents upon which he relies, and consequently, as held by the district court, he has

---

(citing *Riss v. New York*, 240 N.E.2d 860 (NY 1968)).

Also, we note that subsequent Louisiana cases dealing with alleged "negligent investigation" appear to have considered the fact that an investigation was conducted in a routine manner as establishing something similar to a rebuttable presumption that the defendant police department did not breach the duty it owed the plaintiff. For example, in *Barry v. Dennis*, 633 So.2d 806 (La.Ct.App. 1994), a plaintiff alleged, *inter alia*, that the police department had been negligent in conducting a criminal investigation in which he had been charged, resulting in his being incarcerated for an unnecessarily long period of time. In holding that the plaintiff had not shown negligence the court stated that "[u]nless a plaintiff can prove that the police department owed him a special duty outside of the one owed to the general public, he cannot recover damages for breach of such a duty." *Id.* 809-10 (citations omitted). Despite the fact that the plaintiff in *Barry* was actually incarcerated during the investigation (creating a duty toward him personally), the court found that "[t]he evidence does not show that the police department conducted its investigation any differently in this case than in any other similar case." *Id.* at 810. Thus, there was "no evidence that the investigation . . . was conducted in such an extraordinary manner as to constitute a breach of any special duty owed plaintiff." *Id.* Accordingly, the case against the municipal police department was dismissed.

Under the reasoning of *Barry*, Raz's pleading may be insufficient with respect to both the element of duty and of breach. Raz does not allege, nor does the record indicate, that ORI conducted its investigation any differently than it has in other, similar situations. If anything, the record, provided largely by Raz, tends to show that ORI conducted the review in question with more than ordinary care, deviating from its normal procedures only in ways that would favor Raz (for example, by accepting and considering evidence that Raz refused to submit during the LSUS-MC investigation). Thus, even had Raz properly alleged a state-based duty, it would appear that he may have failed to plead facts sufficient for any reasonable fact finder to have found that ORI's behavior fell short of that duty. We choose, however, not to base our decision on the possible inadequacy of Raz's pleadings as to the element of breach because it is not entirely clear how cases such as *Barry* should apply to the facts of the case at bar.

7

failed to state a claim under the FTCA. In his voluminous submissions to the district court, which he improperly seeks to incorporate by reference in his brief on appeal, Raz proposes various other potential sources of a duty. Because we find each of them to be plainly without merit, and because these claims were adequately dealt with by the court below, *see Raz v. United States*, No. 96-CV-2422 (W.D. La. May 23, 1997), we decline to further treat them here.[3]

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

---

[3]In addition, we note that even if Raz had been able to establish that there was an applicable Louisiana law duty to investigate, relief for a negligent investigation would likely have been unavailable to him, irrespective of its source in state law, due to the "discretionary function" exception to government liability under the FTCA. *See* 28 U.S.C. § 2680(a). Unless a specific course of investigation is mandated, the determination of the scope and manner of investigation is typically a discretionary decision. *See, e.g., Black Hills Aviation, Inc. v. United States*, 34 F.3d 968 (10th Cir. 1994). We do not fully discuss this issue, however, because we find that Raz has failed to adequately allege the element of duty, and thus has not stated a cognizable claim.